Treven I. Tilbury (SBN: 210052)
Adrian J. Webber (SBN: 259118)
Avalon Johnson Fitzgerald (SBN: 288167)
REYNOLDS TILBURY WOODWARD LLP
11601 Blocker Drive, Suite 105
Auburn, CA 95603
Telephone: (530) 885-8500
Facsimile: (530) 885-8113
ttilbury@rtwlawllp.com
awebber@rtwlawllp.com
afitzgerald@rtwlawllp.com

Attorneys for Plaintiffs WILLIAM BLACKBURN and
BRAD MICKELSEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BLACKBURN, BRAD MICKELSEN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GROWLIFE, INC., a Delaware corporation; MARCO HEGYI, an individual; MARK SCOTT, an individual; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:20-CV-01855-MCE-CKD<br><br>**STIPULATION AND PROTECTIVE ORDER** |

1.   **PURPOSES AND LIMITATIONS**

　　　Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs William Blackburn and Brad Mickelson ("Plaintiffs") and Defendant GrowLife, Inc. ("Defendant") hereby stipulate to and petition the Court to enter the following order ("Stipulated Protective Order" or "Order").

　　　The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Paragraph 11.4, below, that this Order does not entitle them to file confidential information under seal; Eastern District of California Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    **<u>DEFINITIONS</u>**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>: any party to this action.

2.11    <u>Privileged Document</u>: a document that is privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, mediation privilege, or other privilege, regardless of whether that document is inadvertently produced.

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     <u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any

information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. ***Any use of Protected Material at trial shall be governed by a separate agreement or order.***

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated as Protected Material do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

(see, e.g., Paragraph 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by affixing the "CONFIDENTIAL" legend in the margin). The identification of information as "CONFIDENTIAL" shall be made at a time when a response to an interrogatory or a response to a request for admission is served, when a copy of a document is provided to the other Party, within 30 days of receipt of a copy of a document from the other Party or from a Non-Party, and when an inspection of premises or tangible things is made.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by affixing the "CONFIDENTIAL" legend in the margin).

Where a Non-Party produced documents or materials pursuant to a subpoena, such documents or materials will be temporarily deemed "CONFIDENTIAL." This temporary designation shall last for fourteen (14) days from the date those documents or materials are produced to the Parties. During this fourteen-day period, either Party may designate some or all

such Non-Party subpoenaed documents as "CONFIDENTIAL," by affixing the appropriate

legend to each page that contains protected material and serving such pages on the other Parties.

If after fourteen (14) days no Party has designated some or all such documents as

"CONFIDENTIAL," then the documents or materials will no longer be designated as

"CONFIDENTIAL"

            (b) for testimony given in deposition or in other pretrial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony and specify the level of protection being asserted. When it is

impractical to identify separately each portion of testimony that is entitled to protection and it

appears that substantial portions of the testimony may qualify for protection, the Designating

Party may have up to thirty (30) days after receipt of the deposition transcript to identify the

specific portions of the testimony as to which protection is sought. Only those portions of the

testimony that are appropriately designated for protection within the thirty (30)-day period shall

be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the

deposition or up to thirty (30) days after receipt of the deposition transcript, that the entire

transcript shall be treated as "CONFIDENTIAL."

    Parties shall give the other parties notice if they reasonably expect a deposition, hearing,

or other proceeding to include Protected Material so that the other Parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL."

    Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the portion(s) of the transcript subject to this

Order shall be separately bound and put in a sealed envelope labeled as "CONFIDENTIAL." The

Designating Party shall inform the court reporter of these requirements. Any transcript that is

prepared before the expiration of a thirty (30)-day period for designation shall be treated during

that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as actually

designated, subject to Paragraph 5.3 below.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Designation of deposition testimony within 30 days of receipt of the deposition transcript shall be deemed a timely correction.

5.4     <u>Inadvertent Production of Privileged Documents</u>. A Party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, mediation privilege, or other privilege. Production of a Privileged Document shall not be deemed a waiver of any applicable privilege. Upon discovery that a Privileged Document has been produced, the producing Party shall promptly notify Outside Counsel of Record for the other Party, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Parties reserve the right to contest any designation of a document as privileged or otherwise protected from disclosure. However, if a Party contends that a Privileged Document has been erroneously designated as such, the Party will nevertheless return the Privileged Document and all copies of the Privileged Document to the Party asserting the privilege.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Grounds for Challenges</u>. Nothing in this Order precludes any Party or Non-Party from challenging the designation of information or items as Protected Material on the ground that no good cause exists to make the information or items subject to a protective order, even if the information or items are marked "private," "confidential," or "proprietary."

6.3   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.4   <u>Judicial Intervention</u>. If the Parties have met and conferred as required by Paragraph 6.3 of this Order but cannot resolve a challenge to a confidentiality designation, the Designating Party may file and serve a motion for relief at any time. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision, whether by the Challenging Party or the Designating Party, must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Paragraph 6.3 of this

Order. If the Party opposing any motion described above determines that it needs additional time to prepare its opposition to such motion (because, for example, it would otherwise be required to prepare the opposition simultaneously with briefing on another motion), such Party shall be entitled to an extension of time of at least fourteen (14) days to file its opposition, and the moving Party shall stipulate upon request to such extension of time.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality, or by failing to oppose a motion challenging the confidentiality designation, all parties shall continue to treat the material in question as "CONFIDENTIAL" until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   Basic Principles. Protected Material may only be used for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) any Party to this action;

(b) the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the officers, directors, employees (including House Counsel), and agents of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any Non-Party neutral (e.g., a mediator), including his or her staff, agreed upon and engaged by the Parties.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject

1   to this Protective Order. Such notification shall include a copy of this Order; and

2           (c) cooperate with respect to all reasonable procedures sought to be pursued by the

3   Designating Party whose Protected Material may be affected.

4           If the Designating Party timely seeks a protective order, the Party served with the

5   subpoena or Court order shall not produce any information designated in this action as

6   "CONFIDENTIAL" before a determination by the Court from which the subpoena or order

7   issued, unless the Party has obtained the Designating Party's permission. The Designating Party

8   shall bear the burden and expense of seeking protection in that Court of its confidential material –

9   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

10  Party in this action to disobey a lawful directive from another court.

11  **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

12  **THIS LITIGATION**

13          (a)      The terms of this Order apply to information produced by a Non-Party in

14  this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

15  connection with this litigation is protected by the remedies and relief provided by this Order.

16  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

17  additional protections.

18          (b)      In the event that a Party is required, by a valid discovery request, to

19  produce a Non-Party's confidential information in its possession, and the Party is subject to an

20  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

21  Party shall:

22              1.   promptly notify in writing the Requesting Party and the Non-Party that

23  some or all of the information requested is subject to a confidentiality agreement with a Non-

24  Party;

25              2.   promptly provide the Non-Party with a copy of this Order, the relevant

26  discovery request(s), and a reasonably specific description of the information requested; and

27              3.   make the information requested available for inspection by the Non-Party.

28          (c)      If the Non-Party fails to object or seek a protective order from this Court

within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    MISCELLANEOUS**

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person or Party to seek modification of this Order by the Court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3    Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record. In the event that any portion of any document, answer to an interrogatory or request for admission, or deposition transcript identified as containing Protected Material is submitted to the Court for any purpose, or if any pleading, motion, brief, or declaration containing or disclosing Protected Material is submitted to the Court for any purpose,

the Party submitting the Protected Material shall seek to file such Protected Material under seal in compliance with Local Rule 141.

Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If the Court denies a Party's request to file Protected Material under seal, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

Pending resolution of the motion to seal, the Protected Materials at issue will not be filed on the public docket by either Party. Any documents which the Court declines to order sealed may thereafter be filed on the public docket, but do not otherwise lose their status as Protected Material as a result thereof.

The Party who intends to submit any document, answer to interrogatory or request for admission, or deposition transcript identified as containing Protected Material with the Court for any purpose, may contact the Designating Party and seek consent to the filing of such information on the public docket. Absent such consent, the procedures set forth above, in compliance with the Eastern District's Local Rules, must be followed.

## 12.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

1   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

2   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

3   product, and consultant and expert work product, even if such materials contain Protected

4   Material. Any such archival copies that contain or constitute Protected Material remain subject to

5   this Order as set forth in Paragraph 4 (DURATION).

6          IT IS SO STIPULATED.

7

8   DATED:  March 2, 2022                    REYNOLDS TILBURY WOODWARD LLP

9                                            By:_____ *s/Treven I. Tilbury*_____

10                                               TREVEN I. TILBURY
                                                 Attorneys for Plaintiffs
11                                               WILLIAM BLACKBURN and BRAD MICKELSEN

12

13

14

15  DATED:  March 2, 2022                    LOCKETT + HORWITZ

16

17                                           By:_ *s/Bernard C. Jasper [as authorized on 3/1/22]*_
                                                 BERNARD C. JASPER
18                                               Attorneys for Defendant
                                                 GROWLIFE, INC.
19

20      **IT IS SO ORDERED:**

21

22      Dated:  March 4, 2022

23

24                                           _____

25                                           CAROLYN K. DELANEY
                                             UNITED STATES MAGISTRATE JUDGE
26

27

28

{00024488.1}                          14

1
2
3
4
5

<u>EXHIBIT A</u>

6

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

7       I, _____, declare under penalty of perjury that I have read in

8   its entirety and understand the Stipulated Protective Order that was issued by the United States

9   District Court for the Eastern District of California in the case of *Blackburn v. GrowLife, Inc.*,

10   2:20-CV-01855-MCE-CKD. I agree to comply with and to be bound by all the terms of this

11   Stipulated Protective Order and I understand and acknowledge that failure to so comply could

12   expose me to sanctions and punishment in the nature of contempt. I will not disclose in any

13   manner any information or item that is subject to this Stipulated Protective Order to any person or

14   entity except in strict compliance with the provisions of this Order.

15       I further agree to submit to the jurisdiction of the United States District Court for the

16   Eastern District of California for the purpose of enforcing the terms of the Stipulated Protective

17   Order, even if such enforcement proceedings occur after termination of this action.

18       I hereby appoint _____ [print or type full name] of

19   _____ [print or type full address and telephone

20   number] as my California agent for service of process in connection with this action or any

21   proceedings related to enforcement of the Stipulated Protective Order.

22

23   Date: _____

24   City and State where sworn and signed: _____

25   Signature: _____

26            [signature]

27

28

{00024488.1}                              15

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing document using the U.S. District Court for the Eastern District of California's Electronic Filing System (ECF) on March 2, 2022 and that service on all counsel of record will be accomplished by the ECF system.

*s/Janna Ruth*

Janna Ruth

STIPULATION AND [PROPOSED] PROTECTIVE ORDER