UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BLACKBURN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GROWLIFE, INC., et al.<br><br>　　　　　Defendants. | No. 2:20-cv-01855-MCE-CKD<br><br><br><br>**ORDER** |

Presently before the Court is a Motion for Summary Judgment filed by Plaintiff Brad Mickelson ("Plaintiff") against Defendant Growlife, Inc. ("Defendant").[1]  ECF No. 92. This is Plaintiff's second attempt at establishing he is entitled to judgment as a matter of law.  See ECF No. 79.  The Court denied his first motion without prejudice as procedurally lacking and factually unsupported.  ECF No. 89.  Plaintiff has still failed to show that the material facts are undisputed and warrant a decision in his favor. Plaintiff's Motion is thus DENIED.[2]

---

[1] Former co-plaintiff William Blackburn voluntarily dismissed all of his claims and is no longer party to this action. See ECF No. 76.  Two other individual Defendants, Marco Hegyi and Mark Scott, were originally named as well. See ECF No. 1, Ex. A. On December 4, 2020, Plaintiffs moved to voluntarily dismiss those individuals.  ECF No. 39.  It appears that request was never acted upon, and it is hereby GRANTED.  Defendants Hegyi and Scott are DISMISSED.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

# ANALYSIS

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1992). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

Plaintiff appears to contend he is entitled to summary judgment of this action because it is undisputed that Defendants materially breached the relevant Purchase and Sale Agreement ("Agreement") entered into by the parties. The first problem with this

argument is that Plaintiff is asking for summary judgment of this action in its entirety but is really only raising a partial summary judgment argument as to his breach of contract cause of action. He ignores the numerous other claims set forth in his complaint (e.g., breach of the covenant of good faith and fair dealing, breach of fiduciary duty, violation of labor code, etc.) and does not establish how success on the contract issue translates to an entry of judgment on the complaint in its entirety. Granting summary judgment on the complaint in its entirety would thus be improper.

More importantly, however, the facts are anything but undisputed. Plaintiff's only evidence that Defendant breached the Agreement is his own declaration averring that "GrowLife did not complete the Second Closing within twelve (12) months after the First Closing, or at any time thereafter." Pl.'s Decl., ECF No. 93, ¶ 12. While that may be true, Plaintiff's declaration is nonetheless rebutted by multiple declarations submitted by Defendant indicating that performance was excused because on the date of the Second Closing no party, including Plaintiff, had performed as required under the Agreement and that conditions precedent to Defendant's performance had never occurred. See, e.g., Blackburn Decl., ECF No. 96-4, ¶¶ 7, 14; Decl. of David Dohrmann, ECF No. 96-3, ¶¶ 6-10; Decl. of Bernard C. Jasper, ECF No. 96-2, ¶¶ 4-8. Given the factual disputes raised by these declarations, entering judgment as a matter of law would be improper.

**CONCLUSION**

Plaintiff's Motion for Summary Judgment (ECF No. 92) is DENIED. Individual Defendants Marco Hegyi and Mark Scott are hereby DISMISSED pursuant to the voluntary request filed at ECF No. 39.

IT IS SO ORDERED.

Dated: July 11, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE